ROBERT WHITACRE, Respondent, *vs.* GEORGE CULVER, Appellant.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

As a general rule, a party will be concluded from denying his own acts or admissions, which were expressly designed to influence the conduct of another, and did so influence it, and when such denial will operate to tne injury of the latter.

All admissions are confined to the transaction in which they are made, and are not conclusive or binding on the party in any other, unless made in view, and with a full knowledge of the facts.

Where there is a general verdict in a cause involving more than one issue, if the charge be found erroneous upon any issue, a new trial must be granted.

## Points and Authorities for Appellant.

I.—Errors in law excepted to by Defendant.

1st. The learned Court below erred in admitting the answer of the Plaintiff to the 3d, 4th, 5th, 6th, 7th, 8th and 9th interrogatories (as well as said interrogatories) contained in Plaintiff's deposition.

Also, in not charging the jury as prayed by the Defendant, on his first, second, fourth, fifth and sixth written points submitted to the Court.

Also, in the general charge of the Court to the jury upon the subject of estoppel; all of which was excepted to by Defendant.

These exceptions raised the question of the materiality, competency and sufficiency of the evidence to support the alleged estoppel claimed by the Plaintiff, and which the Court left as a question of fact to the jury.

It is contended by the Defendant that the Defendant was not estopped from asserting his affirmative defence to the note in question—

Because the alleged declarations or admissions of the Defendant claimed as estoppels were subsequent to the loan

VOL. VIII.—18

made by Plaintiff to Defendant, and the note of the Defendant given Plaintiff as collateral security, was past due.

Because said alleged declarations or admissions had no direct connection with or influence upon the Plaintiff's action either in making said loan, or in giving Fridley further time, &c.

Because the Plaintiff's *status* in the matter was not materially affected or prejudiced by said alleged declarations or admissions.

Because all of the said alleged declarations or admissions of Defendant related to the original transaction or loan of Plaintiff which transpired before said alleged declarations or admissions were made.

Because the necessary ingredients of an estoppel were wanting.

Because the case of the Defendant in this respect has already been determined in his favor by this Court. *Whitacre vs. Culver*, 6 *Minn.*, *p.* 297 ; *Edwards on Bills and Authorities, cited p.* 259, 260; *Dezell vs. Odell*, 3 *Hill*, 222; *2d Smith's Leading Cases*, 561, 564; *Reynold's vs. Lannesburry*, 6 *Hill*, 534; *Regno vs. Farwell*, 9 *Barbour*, 615; *Demott vs Starkey*, 3 *Barbour*, 406; *Walkins vs. Peck*, 13 *N. H.*, 360; *Sargent vs. Sargent*, 18 *Vermont*, 371.

II.—The learned Court erred in instructing the Jury that if they found for the Plaintiff they must return a verdict for the full amount of the note. *Fol.* 36.

The Court having charged the jury to the effect that they might find for the Plaintiff on the estoppel, although they found for the Defendant on his defence, the jury should have been instructed, in case they found on the estoppel, to have deducted $450 from the note, in accordance with the declaration of the Defendant, which was relied on by the Plaintiff as an estoppel. For estoppels must be mutual. *Co. Litt.*, 352; *Lansing vs. Montgomery*, 2 *Johns.*, 383.

Horn, Lund & Galusha, Counsel for Appellant.

Smith & Gilman, Counsel for Respondent.

*By the Court.*—ATWATER, J.—This case was before this Court at the December Term, 1861, and a new trial was granted. The second trial was before a jury, which found a verdict in favor of the Plaintiff. The Defendant moved for a new trial, which motion was overruled, and from the order entered thereon the Defendant appealed to this Court. The facts will sufficiently appear for a proper understanding of the case in the opinion of the Court, reported in the 6th Minn. Rep. 297.

There were two issues presented for trial before the jury, to wit : 1st, Whether the note was originally given without consideration; and 2d, if so, is the Defendant estopped from pleading it as against the Plaintiff. Many points are here made and argued, upon exceptions taken by Defendants during the trial of the cause to the admission of evidence, and the charge of the Judge to the jury, and also that the verdict is against the evidence. It will be necessary for this Court, however, only to examine the charge of the Judge on the subject of estoppel, as, in our view, the jury were misled on that point, and a new trial must be granted.

The Counsel for the Defendant requested the Court to charge the jury *inter alia*, "That the words or acts of the Defendant in reference to this note, transpiring subsequently to the transfer of the note to the Plaintiff, cannot operate to estop the Defendant from claiming that there was nothing due on the note at the time of the transfer." The Court refused so to charge, and the Defendant excepted.

Under the facts pleaded and prove in this case (giving the fullest weight to the Plaintiff's evidence,) we think the Defendant was entitled to the charge in the language requested. There is no pretence that the note was not past due when received by Plaintiff, nor that any of the statements of Defendant, touching his liability on the note, were made until informed by the Plaintiff that he had taken his note as collateral security of Fridley. There is no proof that the Plaintiff, in consequence of the statements of Defendant regarding the note, gave time to Fridley on his note, until he became irresponsible, or that he could have collected the amount from

Fridley before he became insolvent, or that he would have given him other security in lieu of the note of Defendant. The Plaintiff, it is true, in answer to some of the interrogatories, made statements as to what course he should have pursued with Fridley, had he not relied upon the statements of Defendant as to his liability on the note; but this evidence was excluded by the Court. Nor do we understand that it is claimed that any of the statements of Defendant, touching the note in issue, were made with the knowledge that Plaintiff proposed to take a new note of Fridley, still further extending the time of payment to the original debtor. They were made with reference to a transaction already perfected; with reference to Plaintiff's rights and Defendant's liabilities, whatever they might respectively be, as they existed at the time of the transfer of the note of Defendant to Plaintiff. After Plaintiff had renewed Fridley's note, he informed Defendant of the fact, but it does not appear that Culver previously thereto had any knowledge of such transaction or purpose on the part of the Plaintiff.

In the opinion in this case, as above reported, it was held, that had the Plaintiff sued immediately after the admission of liability on the part of the Defendant was made, the latter would not have been estopped from proving payment, even though he had, in express terms, admitted that nothing whatever had been paid; because the Plaintiff had not, as yet, been misled to his prejudice. Secondly, that he gained no rights by delay to sue, since there was no evidence that he retained the note any length of time by reason of Defendant's admission; nor that he was misled by it to his prejudice in any particular; nor even that he was led to believe that only $450 had been paid. And, thirdly, that admitting the settlement with Fridley was a new transaction, entirely changing the relation which the parties thereto previously held to each other, the Plaintiff can derive no advantage from it; for all admissions are confined to the transaction in which they are made, and are not conclusive or binding on the party in any other, unless made anew, and with a full knowledge of the facts. In the consideration of this case, as again presented to this Court, we have carefully re-examined these positions, and

see no reason to doubt that they express the law correctly upon this subject.

The facts presented by the case bearing upon this question of estoppel, are substantially the same as those appearing when the case was first before this Court. Some circum- stances appear in the deposition of the Plaintiff, not presented upon the former trial, but the main facts are the same, and the facts proved (admitting all that is stated by Plaintiff to be true,) are not sufficient to estop the Defendant from show- ing that the note was given without consideration. We can see but two possible grounds on which it can be claimed that the conduct of the Defendant should estop him from contra- dicting his admissions. First, that but for the representations of Defendant, Plaintiff could and would have collected, or otherwise secured, his note of Fridley. After a careful ex- amination of the testimony of Plaintiff, we fail to discover any evidence tending to establish this fact, except in that which was ruled out. He nowhere states that the indulgence which was shown to Fridley was in consequence of his belief of the statements of Defendant that he (Defendant) was liable on the note. Nor does it appear from the evidence that but for these statements or admissions of Defendant, the Plaintiff could or would have collected the note of Fridley. The depo- sition of the Plaintiff, used on the first trial, was also read in evidence on this. The Plaintiff, in answer to the question in that deposition, " Could you have collected your claim against Fridley, by bringing suit against him thereon, at any time since the maturity of the first note?" replied, "I do not know whether I could have collected it or not since that time." And we think the evidence is lacking, not only to show that the Plaintiff delayed proceeding against Fridley, on account of the admissions of Defendant, but that even if there were such delay, the Plaintiff has been prejudiced thereby.

The only other ground on which an estoppel can be claimed is, that the Plaintiff, relying upon the representations of De- fendant, as to his liability upon the note, made a new arrange- ment with Fridley, taking a new note from him, and retain- ing the note of Defendant as collateral security for the same. This point was considered in the opinion on file in this cause ;

and we find nothing in the evidence upon. this trial which concludes the Defendant from denying his statements made to Plaintiff, so far as they may be affected by this new arrangement. So far as the evidence shows, all the statements of Defendant, whatever they were, with reference to his liability upon the note, were made only in view, and with knowledge of the fact, that the Plaintiff already held the note of Fridley, and that of Defendant as collateral security for the same. Admissions made with knowledge only of a certain state of facts, cannot bind the Defendant, if the facts are wholly different from what he supposed when the admissions were made. And for this reason we think that the charge of the Court, as actually given to the jury on the issue of estoppel, was directly calculated to mislead them. The charge on this point was, "that if the jury find that there was nothing due on the note at the time of the transfer to the Plaintiff, or that there was no consideration for its execution, then in order to render a verdict for the Plaintiff, they must find that the Defendant, with knowledge as to his liability on the note, made affirmative representations as to his liability on the note, or as to whether it was paid or not, to induce the Plaintiff to believe that Defendant was liable upon the note, but the belief of the Plaintiff upon these matters must have been induced by the conduct and representations affirmatively made by the Defendants, and if the Jury find that the Defendant made such statements to the Plaintiff, as to his liability on the note, upon which the Plaintiff relied, in making, or which induced him to make subsequent arrangements with Fridley, which changed his own previous position to his injury, then the Defendant is estopped from denying his liability on the note."

In the *Welland Canal Company vs. Hathaway*, 8 *Wen.*, 483, the doctrine is stated that, "as a general rule, a party will be concluded from denying his own acts or admissions, which were expressly designed to influence the conduct of another, and did so influence it, and when such denial will operate to the injury of the latter." This principle was adopted by this Court in the case of *Combs vs. Cooper*, 5 *Minn.*, 254, and it was there held, that so far as this definition of estoppel differs from that given in *Dezell vs. Odell*, 3

*Hill*, 215, that stated in the 8*th Wendell* must be regarded as the true rule. Applying this definition to the charge actually given to the jury, and it will be seen that the Court omitted to state an important element for their consideration in determining the question as to whether the Defendant was estopped from proving want of consideration in the note. And had the charge been correctly given, it is scarcely possible to conceive that the jury could have found the Defendant estopped, as the evidence stands with reference to this new arrangement, since we fail to find any evidence tending to show that the Defendant made any statements or admissions touching his liability on the note, with the design to influence the Plaintiff to take a new note from Fridley. Aside from the fact that it does not appear that he knew of any such purpose on the part of the Plaintiff until after the note was taken, no motive can be conceived why he should wish the Plaintiff to do such act, still retaining his own note as collateral. It appears that the Defendant was anxious that the Plaintiff should " arrange " the matter with Fridley, but we cannot reasonably suppose he meant such an arrangement as would still leave himself in the same relative position to the parties.

The verdict was general, and it is, of course, impossible to say upon which issue (or whether upon one or both) the jury found in favor of the Plaintiff. If their verdict was based upon the finding that the note was given for a good consideration, there would be no ground to disturb it, since the evidence on that issue was for the jury to determine, and there would be no sufficient ground to interfere with their finding, as being against evidence, or the weight of evidence. But if the jury found for the Plaintiff on the issue of estoppel, as the charge upon that was erroneous, the order denying a new trial must be reversed, and a new trial granted.