HANNAH FERGUSON *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, Bridgeport, October Term, 1913.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A street-railway company is bound to exercise the highest practicable degree of care in the management and operation of its cars, to enable its passengers to alight in safety; and therefore a charge which authorizes a verdict for the defendant company if the jury find that only due or ordinary care was used in this respect is erroneous, and prejudicial to the losing plaintiff unless it appear that the verdict would have been the same even if the erroneous instruction had not been given.

Ordinarily an erroneous charge on any one of several material issues is a ground for setting aside a general verdict.

Argued October 30th, 1913—decided January 15th, 1914.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Simpson, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

*Sidney C. Rosenberg,* for the appellant (plaintiff).

*Joseph F. Berry,* for the appellee (defendant).

RORABACK, J.   This is an action to recover damages for personal injuries alleged to have been sustained on November 27th, 1912, while the plaintiff, a passenger, was in the act of alighting from a street-car of the defendant company. The complaint alleged that while the plaintiff was in the exercise of due care, and when the car in which she was riding was near Crown Street on Church Street in the city of New Haven, she signaled the conductor on the car to stop it, and after having

given such signal, and after the car had stopped, and as she was leaving the car and in the act of alighting and stepping from it, the car was negligently and carelessly started either by the conductor or the motorman on the car, who was the agent, servant and employee of the defendant. The negligence and carelessness of the defendant, its servant, agent, and employee, consisted in starting the car after the plaintiff had given a signal to stop and after the car had stopped, and while the plaintiff was in the act of stepping from the car. The defendant denied these allegations of the complaint.

The record discloses that the plaintiff offered evidence to prove, and claimed to have shown, that when the car in question approached the southerly crossing of Crown Street, the plaintiff nodded to the conductor of the car, indicating that she intended to leave it, and that the conductor nodded his head in answer to this signal, and she arose, went toward the end of the car, and that the car came to a stop, and that after a man, who was ahead of her, stepped off, she attempted to alight, and that the car started while she was in the act of alighting from it, and that she was thrown to the street upon her left side and was injured.

The defendant offered to prove, and claimed to have proven, that the car upon which she was a passenger proceeded slowly up Church Street from George Street, which is the next street south of Crown Street; that, as the car approached Crown Street, the plaintiff arose from her seat and walked to the rear platform; that the conductor of the car, upon seeing the plaintiff rise, gave the motorman the bell to stop at the next stopping place; that when the plaintiff reached the rear platform the conductor put his hand on her and said, "Wait until the car stops, lady"; that there was at the time a man just ahead of the plaintiff, and that he stepped from the car while it was moving at a point a short

distance south of the southerly crossing of Crown Street; that the plaintiff, seeing him alight, immediately alighted after him, while the car was still proceeding at a slow rate of speed; that the car made no stop at all until it reached the northerly crossing of Crown Street, and there it stopped in front of the Connecticut Savings Bank; that the usual stopping place for cars proceeding northerly on Church Street is at the northerly side of Crown Street and in front of the bank; that the car made the stop at the usual place upon this occasion.

The errors assigned relate to the instructions given to the jury. Exception is taken to a passage in the charge in which the judge said to the jury: "On the other hand it is the duty of employees of the defendant to use ordinary or due care to avoid or prevent passengers from being injured in alighting from the car which they are operating. The care to be used is such care as a person of ordinary prudence would use under like circumstances and conditions in operating a trolley-car, and such care would under ordinary circumstances and conditions require the operators of the car not to start a car while a person was in the act of alighting."

This was error. In the case of *Murray* v. *Lehigh Valley R. Co.*, 66 Conn. 512, 519, 34 Atl. 506, this court said: "The carrier must provide safe, sufficient and suitable vehicles for transportation, and must provide such servants for the management of the same, and make all reasonable arrangements therefor, as the highest care of a prudent man would suggest as necessary to a safe passage." These principles were also expressed in *Thorson* v. *Groton & Stonington Street Ry. Co.*, 85 Conn. 11, 14, 81 Atl. 1024.

While the trial judge, in another portion of the charge, correctly informed the jury of the conclusions they should reach in the event that they found certain material facts had been established by the evidence,

Ferguson *v.* Connecticut Co.

that did not cure the error, for the record discloses that the court, in its closing remarks to the jury, instructed them that "if you find that the plaintiff was in the exercise of due care, and that the defendant was negligent in the manner as alleged in the complaint and in accordance with the law as I have instructed you, then you should render your verdict for the plaintiff."

The question as to the degree of care which the defendant was called upon to exercise was one of the vital issues in the case. The verdict was a general one, and this court cannot say whether or not the jury based its finding upon the erroneous theory that the defendant was only bound to exercise ordinary care to prevent injury to passengers riding upon its cars.

There were at least two important issues tried, and when we find that there was such an erroneous instruction, which in substance was repeated, in regard to one of the controlling questions, it cannot be disregarded by this court unless it appears that the verdict would have been the same if there had been no error. This does not appear.

As a general rule an erroneous charge on any one of the several material issues is a ground for setting aside a general verdict. *Whitacre* v. *Culver*, 8 Minn. 133 (Gil. 103); *Warner* v. *Beebe*, 47 Mich. 435, 11 N. W. 258.

There is error and a new trial is ordered.

In this opinion the other judges concurred.