THOMAS HICKEY ET AL. *v.* TOWN OF NEWTOWN ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, JS.

Argued April 2—decided May 9, 1963

*Paul V. McNamara,* with whom was *Seth O. L. Brody,* for the appellant (named defendant).

*Philip Reich,* for the appellees (plaintiffs).

ALCORN, J.   The plaintiff Thomas Hickey and his thirteen-year-old daughter, the plaintiff Kathleen, were injured when they were struck by an automobile driven by Gerard D. Golden while they were walking along Riverside Road in Newtown. They brought this action against the defendant driver, alleging his negligence, and against the defendant town, alleging a defect in the highway. The jury returned a verdict in favor of both plaintiffs against the town only and, in answer to an interrogatory, expressly found that Golden was not negligent. The town's motion to set aside the verdict was denied, and the town has appealed from the judgment, assigning error in the charge, in

rulings on evidence and in the denial of its motions for a directed verdict, for a judgment notwithstanding the verdict and to set aside the verdict. Fourteen assignments of error in the finding are expressly abandoned, and four others do not merit consideration.

There was evidence from which the jury could have found that on August 3, 1956, about 9:25 p.m., the plaintiffs were walking easterly along the southerly side of Riverside Road, keeping about a foot and a half from the highway fence on that side. The road is a blacktop, eighteen-foot wide public road which it is the town's duty to maintain. At the north side of the road, there is an embankment with about a 60 percent grade. On the south side, where the plaintiffs were walking, loose sand and gravel covered about two feet of the pavement near the edge. This sand and gravel, which the town had never attempted to remove, had accumulated from sanding operations on the road during the winter. The sand and gravel had a tendency to cause a car to skid when the brakes were applied. The weather was clear, the road was dry, it was dark and there was no moon. There were no street lights, warning signs or reflectors in the area. As one proceeded easterly, the road curved to the left on a variable 3.7 percent downgrade. As the plaintiffs walked along the road, the Golden car overtook them at a speed of about thirty to thirty-five miles per hour. The driver saw the pedestrians in the road ahead of him, applied his brakes and turned his steering wheel to the left to pass them. The sand and gravel on the road caused his car to skid to the right, and Golden lost control of it. The car sideswiped the fence and then struck the plaintiffs, causing the injuries complained of. The plaintiffs alleged that

the presence of the sand and gravel on the pavement, under the other conditions described, constituted a defect in the road. The evidence was sufficient to go to the jury on the issue of a defective road, and the court was correct in refusing to direct a verdict or to set aside the verdict and render judgment notwithstanding the verdict. *Robinson* v. *Southern New England Telephone Co.,* 140 Conn. 414, 420, 101 A.2d 491; *Conti* v. *Brown,* 149 Conn. 465, 467, 181 A.2d 591; *Deveaux* v. *Spekter,* 150 Conn. 418, 419, 190 A.2d 484.

The complaint also alleged that the highway was defective, apart from the defect consisting of the presence of the sand and gravel on the pavement, because the highway was narrow and crooked, afforded no safe place on either side for pedestrians to walk, was not properly graded or banked, and had no signs warning motorists of the curve. The charge is tested by the claims of proof in the finding. *Pischitto* v. *Waldron,* 147 Conn. 171, 176, 158 A.2d 168; Maltbie, Conn. App. Proc. § 145. The plaintiffs' claims of proof, beyond the description of the physical layout of the highway already alluded to, were that the accumulation of loose sand and gravel encroached two or two and one-half feet onto the paved portion of the roadway, the edge of which was a foot or a foot and a half from the fence; that this accumulation had resulted substantially from the sanding of the road by the town during the previous winter; that the road had been in the same condition for some months; and that the town had actual notice of the condition during all that time. The plaintiffs claimed further to have proved that the town had made no effort to remove or control the accumulation and that the town had created a dangerous condition, the effect of which

was to cause automobiles rounding the curve in an easterly direction to skid when the brakes were applied. The plaintiffs claimed also to have proved that Golden saw them before his car struck them, that he was then traveling with the right side of his car about two feet from the fence on his right, so that his right wheels were on the sand and gravel on the pavement, that his tires were new and his brakes in good condition, and that when he saw the plaintiffs he applied his brakes and turned his steering wheel to pass to the left around them, but the car slid to the right because of the accumulation of sand and gravel on the road and struck the plaintiffs and the fence. Finally the plaintiffs claimed to have proved that if the accumulation of sand and gravel had not been on the pavement the car probably would have proceeded to the left and around the plaintiffs without striking them. There was no claim of proof of any defect which caused the car to skid and strike the plaintiffs other than the accumulation of sand and gravel.

Section 13-11 of the General Statutes, on which the plaintiffs relied for recovery against the town, permits a recovery by "[a]ny person injured in person or property by means of a defective road." The statute allows a recovery where the highway is not reasonably safe "in view of its proper use, and of those events which may naturally be expected to arise as incident to that use, by the traveling public." *Upton* v. *Windham,* 75 Conn. 288, 292, 53 A. 660; see also *Horton* v. *Macdonald,* 105 Conn. 356, 361, 135 A. 442. A defect has been defined to be any object or condition in, upon, or near the traveled path which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and.

position, would be likely to produce that result. *Older* v. *Old Lyme,* 124 Conn. 283, 284, 199 A. 434; *Chazen* v. *New Britain,* 148 Conn. 349, 352, 170 A.2d 891. Although the general contour of the road and its grade, curve, lack of warning signs and lack of space for pedestrians were all proper circumstances to be taken into account in connection with the defect which actually caused the automobile to skid and strike the plaintiffs, it is quite apparent that the physical characteristics of the road would not, except for the skidding of the automobile, have caused any injury to the plaintiffs. There is no claim of proof that, if the plaintiffs had walked along the road seconds or minutes before or after the appearance of the vehicle, there was any defect in the road which would have caused them harm. It is equally apparent from the plaintiffs' claims of proof that the only defect on which they could properly base a recovery against the town was the accumulation of sand and gravel on the pavement which caused the vehicle to skid and strike them, without any negligence on the part of its driver.

When it came to the charge on this feature of the case, the court told the jury: "You are instructed that it is appropriate in considering whether or not the highway was defective at the time and place in question to do so on the basis of all the facts, circumstances and conditions relating to the highway, including the condition of the sand and gravel claimed to have been there. Now, while you have the question whether or not the highway was defective on the basis of all the facts and circumstances, including the presence of the sand and gravel, you are presented with the further question in view of the claims of the parties as to whether or not the highway was defective on the basis of all

the facts and circumstances, even apart from the presence of the sand and gravel." The court then proceeded to enumerate the allegations of the complaint that the highway was defective because it was narrow, crooked, lacked warning signs to motorists, was without shoulders to accommodate pedestrians and was improperly graded or banked. Earlier in the charge, the court had said to the jury: "[I]n your determination as to whether or not the town had violated its statutory duty . . . [the question is]: Did the town through its officers and agents fail to exercise reasonable care to keep the highway reasonably safe in any one or more of the ways specified by the plaintiffs in their complaint? It is not necessary for the plaintiffs to prove all their claims which they have made against the town. It is sufficient if they are able to establish one or more of them in the proof that the highway was defective." At the conclusion of the charge, counsel for the town excepted.

The court thus told the jury that, while they might find liability against the town on the basis of a defect consisting of the physical characteristics of the road plus the sand and gravel on its surface, they could also impose liability arising from a defect consisting of the physical characteristics of the road exclusive of the presence of any sand and gravel. Since there was no claim of proof that the plaintiffs would have been injured except for the skidding of the car on the sand and gravel and, in fact, the claim of proof was that in the absence of the accumulation of sand and gravel the car probably would have proceeded on without striking the plaintiffs, it was error for the court to charge as it did. The quantity of sand and gravel on the road, the extent to which it covered the pavement, its

effect on a vehicle when the brakes were applied and whether, under all the circumstances, it constituted a defect were all questions of fact properly left to the jury for determination. The verdict was a general one, and we have no way of knowing whether the jury found the presence of the sand and gravel to be a defect. If the jury imposed liability on the town because of the physical circumstances of the road exclusive of the accumulation of sand and gravel, as the court's charge permitted them to do, their action, under the claims of proof, was erroneous. The error of the court in submitting this issue to the jury requires a new trial. *Ferguson* v. *Connecticut Co.,* 87 Conn. 652, 655, 89 A. 267.

It is unnecessary to discuss the assignments of error as to rulings on evidence.

There is error as to the judgment against the defendant town of Newtown, the judgment as to it only is set aside and a new trial is ordered as to it.

In this opinion the other judges concurred.