[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Motion for Summary Judgment #108
The Plaintiff, Paula Smith, alleges to have fallen and sustained personal injuries while descending outside stairs at the Waterbury Police Department. She brings this action under the CT Page 5256-KK defective highway statute Section 13a-149 of the Connecticut Statutes. Although she alleges under paragraph 6 of her complaint that the fall was due to ice that covered the stairs in her notice to the City, she states that the cause of the injuries were due to the "icy condition" and "poor lighting". The City files this Motion for Summary Judgement claiming that under a city ordinance the Plaintiff can not recover for injuries from a fall caused by ice or snow alone and additionally that the fall was not "in upon or near" the traveled portion of the road which is necessary in order to recover under this statute.
In support of it s first argument that the city charter precludes recovery in this case the defendant cites Division 2, § 3122 of the Waterbury charter stating that "[t]he City shall in no case be liable for any injury occasioned by ice or snow upon the sidewalks of the City, except in cases where there is some structural defect in such walk which is rendered more dangerous by reason of ice or snow thereon." The defendant argues that the plaintiff has not alleged that her injuries were caused by a structural defect in the steps which was rendered more dangerous by ice or snow. The Plaintiff has alleged in her notice to the city that the fall was also caused by "poor lighting" which a jury could consider to be the "defect" made worse by the ice. In deciding a Motion for Summary Judgement the trial court must view the evidence in the light most favorable to the nonmoving party" Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). This does constitute a disputed issue of fact. Although the Plaintiff's complaint does not allege that a structural defect existed on the stairs, the Defendant should have tested the sufficiency of that complaint with a Motion to Strike. Burke v. Avitabile, 32 Conn. App. 765, 772, 630 A.2d 624 (1993).
The Defendant further argues that "defective" stairs were not within the traveled portion of the highway to qualify it for recovery under Section 13a-149. Section 13a-149 provides that "[a]ny person injured in person . . . by means of a defective road or bridge may recover damages from the party bound to keep it in repair." "A defect has been defined to be any object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result." Hickey v. Newtown, 150 Conn. 514, 518-19,192 A.2d 199 (1963). "[T]hose objects which have no necessary connection with the roadbed or public travel which expose a person to danger not as a traveler but independent of the highway, do not CT Page 5256-LL ordinarily render the road defective." Comba v. Ridgefield,177 Conn. 268, 270, 413 A.2d 859 (1979); see Steeg v. City ofStamford, Superior Court, judicial district of Stamford/Norwalk, Docket No. 092958 (July 12, 1990, Lewis, J., 2 Conn. L. Rptr. 67, 68) (holding that a plaintiff could not recover under § 13a-149
because the area of the accident the sidewalk to the entrance of a school, was located outside of the traveled path, and therefore, the plaintiff was not injured by a defective road as defined in the statute.) There has been nothing submitted from which the Court can determine the proximity of the stairway to the traveled portion of the road therefore the Court must resolve this issue for the purpose of this motion, in favor of the nonmoving party.Home Ins. Co. v. Aetna Life Casualty Co., supra.
For the reasons stated above the Court will deny the Defendant's Motion for Summary Judgement.
Pellegrino, (J)