[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, Ronald Pringle, et al, have moved to dismiss this action claiming it is a highway defect case and the action should have been brought under Connecticut General Statutes §13a-149, the highway defect statute. It also brought a motion to strike the second and third counts of the amended complaint dated May 14, 1998 in the case captioned Ferreira v. Southeast AreaTransit, et al. Both the motion to dismiss and the motion to strike allege lack of jurisdiction because of failure to bring suit under Connecticut General Statutes § 13a-149.
However, that statute applies to defects in a highway maintained by the Town of East Lyme. The complaint in this case alleged that the plaintiff was caused to trip and fall on a piece of metal post in the ground on the lawn or grassy area near the highway. The claim in the Pringle case and the second and third counts of the southeast case is that the plaintiff tripped and fell on the grassy embankment which was under the control of and maintained by the three defendant employees of the town.
The court finds that the issue of jurisdiction is properly the subject of a motion to strike, not a motion to dismiss, since the issue is whether the action comes under the highway defect statute is one of the sufficiency of the pleadings, not one of subject matter jurisdiction.
The proper mechanism for addressing the legal sufficiency of a pleading is a motion to strike rather than a motion to dismiss.McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 526 (1991), Practice Book § 10-39. The motion to dismiss is, therefore, denied. CT Page 6723
The motion to strike requires that the facts set forth in the complaints must be taken as true and construed in the light most favorable to the plaintiff. The attempt by the defendants to introduce evidence of facts outside the complaint must not be considered in a motion to strike. The complaint does not allege a highway defect. In the Pringle case, the defect claimed is a broken sign post in a grassy embankment near the premises of Niantic Fire Department No. 2 at 227 West Main Street, Niantic. In the second and third counts of the Southeast case, he alleges the same defect at the same location. There is no allegation in either complaint that the defect was in or upon the highway so as to require an action under the statute relating to highway defects Connecticut General Statutes § 13a-149.
Accordingly, the highway defect statute does not apply to this case. Highway defect cases are distinguishable from the case at the bar. In Sanzone v. Board of Police Commissions,219 Conn. 179, 202 (1991), the defect was a malfunctioning traffic light which showed green to vehicles approaching from all four directions. The court stated:
 "We have held that a highway defect is any object in, upon or near the traveled path, which would obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which from its nature and position would be likely to produce that result. . ."
In other cases the court held that the statute does not apply to objects not connected to the road bed or public travel thereon. Hickey v. Newtown, 150 Conn. 514, 518 (1963). An overhanging tree limb that fell on a traveling automobile was found not be a highway defect under the statute. Comba v.Ridgefield, 177 Conn. 268 (1979).
The motion to dismiss is denied. The motion to strike the defendant's motion to dismiss is granted in the Pringle case. The defendant's Town of East Lyme, Thumm and Holyfield's motion to strike the second and third counts in the Southeast case is denied.
D. Michael Hurley, Judge Trial Referee CT Page 6724