[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, Walter Brown, along with his wife, Rhoda Brown, instituted this action against the defendant, Commissioner of Transportation for the State of Connecticut.
The action arises out of an incident which occurred on January 12, 1996 at approximately 5:15 p. m. on Franklin Street near its underpass with Interstate 84 in Danbury.
At the time of the incident, the plaintiff, Walter Brown, was operating a motor vehicle westbound on Franklin Street.
As he was about to enter the I-84 underpass, snow fell from Interstate 84, landing on the plaintiffs vehicle, causing damage.
The plaintiff claims to have sustained personal injuries as a result of the impact of the snow with the vehicle.
The initial complaint contained four counts.
Count one sought recovery on behalf of the plaintiff, Walter Brown, pursuant to § 13a-144[1] of the General Statutes. CT Page 2943
The second count sought recovery on behalf of the plaintiff, Rhoda Brown, for loss of consortium, pursuant to § 13a-144.
Counts three and four sought recovery on behalf of Walter Brown, pursuant to § 52-556[2] of the General Statutes, and Rhoda Brown for loss of consortium.
On April 3, 1998, the court (Moraghan, J.) granted a motion to strike count two of the complaint, in that no right to recover for loss of consortium can be maintained pursuant to §13a-144. Murray v. Commissioner of Transportation,31 Conn. App. 752, 756-57 (1993).
The remaining counts are contained in an amended complaint dated April 13, 1998.
On February 7, 2000, a motion to dismiss counts three and four was filed.
That motion was granted on February 28, 2000, based upon the inability of the plaintiffs to maintain a cause of action against the commissioner of transportation pursuant to § 52-556.
The statute does not impose vicarious liability against the commissioner of transportation, and no action was begun against the State of Connecticut.
Furthermore, it was acknowledged that the plaintiff could not prove that the vehicle in question was being operated by a state employee at the time of the incident, as required by the provisions of § 52-556.
The instant motion to dismiss concerns count one of the April 13, 1998 amended complaint, the only count remaining.
The defendant claims, as a matter of law, that the plaintiff cannot recover pursuant to the provisions of § 13a-144, because the alleged defect is not a highway defect within the meaning of the statute, and because the plaintiff was not a traveler upon a state highway at the time of the incident.
Therefore, the defendant contends that recovery is barred under the doctrine of sovereign immunity. CT Page 2944
The motion to dismiss claims that the court lacks subject matter jurisdiction.
 STANDARD OF REVIEW — MOTION TO DISMISS
A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court, by asserting that the plaintiff cannot, as a matter of law, state a cause of action that can be heard by the court. Baskin's Appeal from Probate, 194 Conn. 635,640 (1984); Gurliacci v. Mayer, 218 Conn. 531, 544 (1991).
A motion to dismiss is the proper vehicle, pursuant to Practice Book § 10-31(a)(1), to raise a claim that the court lacks subject matter jurisdiction. Subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong. Lauer v. ZoningCommissioner, 220 Conn. 455, 460 (1991); LeConche v. Elligers,215 Conn. 701, 709 (1990).
Unlike a claim of lack of jurisdiction over the person, improper venue, insufficiency of process or insufficiency of service of process, a claim involving lack of jurisdiction over the subject matter can be raised at any time. Practice Book §10-33. Subject matter jurisdiction is a question of law and cannot be waived or conferred by consent of the parties. Cahillv. Board of Education, 198 Conn. 229, 238 (1985); Reed v.Reincke, 155 Conn. 591, 598 (1967).
The doctrine of sovereign immunity implicates subject matter jurisdiction, and is therefore a basis for granting a motion to dismiss. Amore v. Frankel, 228 Conn. 358, 364 (1994); White v.Burns, 213 Conn. 307, 312 (1990). Once the issue of subject matter jurisdiction is raised, it must be acted upon. Gurliacciv. Mayer, supra, 545.
 PLAINTIFF NOT A TRAVELER ON A STATE HIGHWAY
At the time of the incident, the plaintiff, Walter Brown, was operating a motor vehicle on Franklin Street.
The snow on 1-84 was being plowed, and snow was plowed off of the highway and onto Franklin Street.
Franklin Street is a local road which it is the duty of the City of Danbury to keep in repair. CT Page 2945
In order for the plaintiff to recover, he must bring himself within the provisions of § 13a-144 of the General Statutes,
This, he has failed to do.
It is well established that the state is immune from suit, unless it consents to be sued by statute, waiving sovereign immunity, in clearly defined circumstances. White v. Burns, supra, 312; Textron, Inc. v. Wood, 167 Conn. 334, 339 (1974).
In a situation where the state has permitted itself to be sued, a statute permitting suit, because it is in derogation of the common law, must be strictly construed. Sestito v. Groton,178 Conn. 520 (1979).
A highway defect, within the meaning of § 13a-144, is defined as an object in, upon or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would likely produce that result. Sanzone v. Boardof Police Commissioners, 219 Conn. 179, 202 (1991); Hickey v.Newtown, 150 Conn. 514, 518 (1963).
It is incumbent upon the plaintiff to prove that any defect was the sole proximate cause of his injuries. Lamb v. Burns,202 Conn. 158, 175 (1987).
There is no substantial difference in the duty to keep a highway in repair imposed upon the State of Connecticut pursuant to § 13a-144, and that imposed upon a municipality under the provisions of § 13a-199 of the Connecticut General Statutes.Comba v. Ridgefield, 177 Conn. 268, 269-70 (1979).
A right of action is given only to a traveler on the road or sidewalk alleged to be defective. Hay v. Hill, 137 Conn. 285,290 (1950). The statutory liability of the commissioner exists only in the case of a traveler on a highway or sidewalk which it is the duty of the commissioner to keep in repair. Tuckel v.Argraves, 148 Conn. 355, 359 (1961).
In Tuckel v. Argraves, supra, the plaintiff was walking on a sidewalk when a directional sign fell on him, causing personal injuries. CT Page 2946
The directional sign was located within the limits of a highway, which it was the duty of the commissioner to keep in repair.
Suit was instituted under § 13-87[3] of the Connecticut General Statutes, the predecessor statute to § 13a-144.
The court held that the plaintiff could not recover under the facts alleged, because there was nothing to indicate that the commissioner had a duty to maintain the sidewalk on which the plaintiff was walking at the time he was injured. Tuckel v.Argraves, supra, 360.
The facts presented here reveals that the commissioner of transportation was under no duty to keep Franklin Street in repair.
The plaintiff argues, notwithstanding the lack of a duty to maintain Franklin Street, that the commissioner may be liable, pursuant to the provisions of § 13a-99a of the Connecticut General Statutes.
That section provides:
 (a) Whenever a town road or a portion thereof.. . passes over or under a state highway right-of-way, such road or portion thereof shall be state highway property subject to an easement to the town for travel.
This argument fails, based on subsection (c) of that same statute, which places responsibility for the maintenance of the road in question with the town:
 (c) When a town road crosses or intersects a state highway right-of-way.., the responsibility for maintenance of... the road. shall remain with the town; and any liability for neglect or default of maintenance.., shall be in accordance with section 13a-149.
Because the plaintiff was not a traveler on a highway which it was the duty of the commissioner of transportation to keep in repair at the time of the incident described in his complaint, he cannot recover under § 13a-144 of the Connecticut General Statutes.
The defendant's motion to dismiss, as to count one, is granted. CT Page 2947
Radcliffe, J.