[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT)
The plaintiff has brought a complaint dated April 26, 1999 against the defendant City of Milford, hereinafter referred to as "Milford" and its Director of the Department of Public Works, Bruce Kolwicz, hereinafter referred to as "Kolwicz." The complaint sounds in three counts. The plaintiff alleges that on April 27, 1997, there existed along the Duck Pond, near West River and North Streets, a metal fence. The plaintiff CT Page 5820 further alleges that she leaned on said metal fence and a portion of the fence came off, thereby causing an injury to her foot.
In the First Count, the plaintiff alleges that Milford and Kolwicz were negligent in failing to maintain, repair and inspect said fence and further that they failed to properly maintain records concerning the maintenance of the face and to properly supervise the maintenance of the fence. The First Count is brought pursuant to[1] Connecticut General Statutes § 52-557n.
In the Second Count, the plaintiff re-alleges all paragraphs of the First Count and further states that the defendant Kolwicz, in his capacity of Director of Public Works, was responsible for the maintenance of the fence and failed to properly carry out his duties in regard to same. The Second Count is brought against the City of Milford based upon indemnification of its employee pursuant to[2] Connecticut General Statutes § 7-465.
In the Third Count, the plaintiff re-alleges all paragraphs of the First Count and Second Count and further alleges that the plaintiff served the defendant Milford with notice pursuant to[3] Connecticut General Statutes § 7-101a, seeking indemnification from the City of Milford for its employees for the actions of the defendant Kolwicz.
The defendants maintain that any action by the plaintiff in this matter is controlled by General Statutes § 13a-149 and § 13a-152, which deal with defective roads and bridges and damages for failure to maintain railing or fence, respectively. Both statutes require any person suffering injuries or damages to provide written notice to the city of Milford within 90 days of the occurrence. Said written notice must include a general description of the injury; the cause thereof; and the time and place of its occurrence. A written notice was not provided within 90 days in this case.
The defendants further argue that the Second and Third Counts are insufficient as a matter of law since General Statutes § 52-557n bars actions brought derivatively by way of General Statutes § 7-465 and § 7-101a.
The defendants point out that General Statute § 52-557n (a)(1)(C) provides that "no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149." Thus, General Statute § 52-557n removes torts related to highway defects from the class of torts for which municipal employees may be indemnified under General Statute § 7-465(a). The defendants maintain that this rationale CT Page 5821 should apply to claims brought under General Statute § 7-101a, as well.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski, 206 Conn. 495,500 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Hertz Corp. v. Federal Ins. Co., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. Dickmont Plastics Corp., 229 Conn. 99
(1994).
The court agrees that the plaintiff failed to properly bring suit under the defective highway statute.[4] General Statute § 13a-149. The railing area described by the plaintiff in her complaint was part of the highway and abutted the sidewalk. The Connecticut courts have determined that a municipality's failure to erect or maintain a railing or fence falls within[5] General Statute § 13a-152 and is considered a highway defect. Sanzone v. Board of Police Commissioners, 219 Conn. 179,592 A.2d 912 (1991); Cook v. Turner, 219 Conn. 641, 593 A.2d 504 (1991);Gerlach v. Town of Brookfield, No. 300492 (April 12, 1994)1994 Ct. Sup. 38712
(Moraghan, J.); Springer v. Town of Brookfield, No. 317008 (June 10, 1996), 1996 Ct. sup. 4757 (Moraghan, J.).
The plaintiff alleges in her Complaint that she is bringing her action pursuant to General Statute § 52-557n, not General Statute §13a-149.
In Sanzone v. Board of Police Commissioners, supra, 192, the court stated "we construe 52-557n to provide that an action under the highway defect statute 13a-149, is the plaintiff's exclusive remedy against a municipality or other political subdivision for damages resulting from injury to any person or property by means of a defective road or bridge. It also, therefore, preclude a joint action seeking damages against a municipality and its offer pursuant to 7-465(a); otherwise, the proviso in 52-557n would be stripped of all meaning, for 7-465(a) would permit a plaintiff to reach the result forbidden by 52-557n: the imposition of tort liability on a municipality for a highway defect claim." (Footnotes and internal quotation marks omitted.) CT Page 5822
A highway defect is "[a]ny object in, upon, or near a traveled path, which would necessarily obstruct or hinder one in use of the road for the purpose of traveling thereon, or which from its nature and position, would be likely to produce that result. . . ." Hewison v. New Haven,34 Conn. 136, 142 (1867); see Hickey v. Newtown, 150 Conn. 514, 518,192 A.2d 199 (1963); Sanzone v. Board of Police Commissioners, supra 202.
"The plaintiff who fails within ninety days to provide the municipality with the statutorily required notice will be barred from recover. . . . The statutory notice assists a town in settling claims promptly . . . the notice requirement strikes a balance between the public benefit and the private right to seek a remedy." Sanzone v. Board of PoliceCommissioners, supra 198. The plaintiff in the instant action, as noted, did not provide the mandated 90 day notice to the municipality.
The court also agrees that the rationale of Sanzone v. Board of PoliceCommissioners, 219 Conn. 179, 592 A.2d 912 (1991) applies to cases brought under[6] General Statute § 7-101a, as well as cases brought under General Statute § 7-465a. Dunbar v. Stamford, CV92 310727S, judicial district of Fairfield at Bridgeport (May 5, 1994) (Fuller, J.). Therefore, the plaintiff should not be entitled to bring an indemnification claim under § 7-465 or § 7-101a.
Lastly, the plaintiff contends that the fence was not a part of the sidewalk or road or highway. The plaintiff contends that the fence does not even abut the sidewalk or highway and that it is separate and distinct from the highway. The defendants have submitted a photograph of the disputed fence and sidewalk area and an affidavit from defendant Kolwicz, Director of Public Works for the City of Milford. In Kolwicz's affidavit, he asserts that the rail which allegedly injured the plaintiff was part of the fence which was part of, and abutted, the sidewalk. The plaintiffs submit that these are conclusions drawn by defendant Kolwicz and are devoid of facts. The plaintiff states that under Conn. Practice Bk. (Rev., 1998) § 17-46 that any ambiguity in the supporting affidavit will be construed in favor of the opposing party. EvansProducts Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 516
(1978). Mere assertions of fact or conclusions are insufficient. Scintov. Stamm, 224 Conn. 524, 533 (1993), cert. den. 510 U.S. 861 (1993). Thus, the plaintiff claims that the defendants have failed to exclude all doubt as to the existence of genuine issue of material facts. Doughertyv. Graham, 161 Conn. 248, 250 (1971).
The court has reviewed the affidavit and the photograph of the sidewalk and abutting fence and is not convinced by the plaintiff's argument. The CT Page 5823 fence clearly abuts the sidewalk and is part of the highway.
Accordingly, for the reasons set forth herein, the motion for summary judgment filed by the defendants is granted as to the First, Second and Third Counts of the plaintiff's Complaint.
By The Court
Arnold, J.