MARY SCIBEK *v.* CHARLES J. O'CONNELL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued November 10, 1944—decided January 5, 1945.

*DeLancey Pelgrift,* for the appellant (defendant).

*John H. Sheehan,* with whom was *Joseph N. Perelmutter,* for the appellee (plaintiff).

JENNINGS, J.   The plaintiff brought this action to recover for injuries suffered from a fall on a stairway in the defendant's building leading from a store leased by her husband to the cellar below.   She claimed that the defendant's liability arose from his negligent failure to carry out his agreement to replace or repair the stairway.   The sole assignment of error is based on the denial of the motion to set aside the plaintiff's verdict.

The jury could reasonably have found the following facts:   The plaintiff's husband, Stanley Scibek, leased a store in Seymour from the defendant on January 1, 1942.   The written lease was for one year and provided that the tenant should make internal repairs. After its expiration, Stanley continued in occupation on a month to month basis.   He paid the rent to July 31, 1943.   A stairway led from a trap door in the floor of the store to the cellar.   The stairway had a handrail but was not inclosed and resembled a ladder more than a stairway although it had treads instead of rungs. It was steep, unsafe and in bad condition.   Stanley used the stairway constantly but the plaintiff had never used it until July 31, 1943.   On that occasion she went down safely but when she started to return to the store the first step broke, she fell and was injured.

Stanley complained to the defendant of the condition of the stairway on many occasions throughout the term of his occupancy.   On June 30, 1943, and again on July 1, 1943, he told the defendant that unless he fixed the stairway he, Stanley, would move

out, but that if the stairway was fixed he would stay. The defendant agreed to fix it in a week or ten days but failed to do so. As a result, Stanley got another rent and was moving when the accident occurred, although he was still a tenant of the defendant.

A landlord who has retained control of a portion of the premises is under a duty to use reasonable care to keep them in a reasonably safe condition. *Fogarty* v. *M. J. Beuchler & Son, Inc.*, 124 Conn. 325, 331, 199 Atl. 550. By reason of his retention of control, he has the right to inspect them at all times and is under a duty to make reasonable inspection. *Aprile* v. *Colonial Trust Co.*, 118 Conn. 573, 580, 173 Atl. 237. Constructive notice of the necessity for repair may therefore be inferred from his failure to make a reasonable inspection. *Laflin* v. *Lomas & Nettleton Co.*, 127 Conn. 61, 65, 13 Atl. (2d) 760. From the defendant's reliance on the *Beuchler* case, it would seem that he bases his appeal in part at least on these principles, but the facts in the case at bar do not bring it within their scope.

The plaintiff, as stated above, relies on negligence arising from breach of an agreement by the defendant landlord to make repairs. Such an action may arise. *Dean* v. *Hershowitz*, 119 Conn. 398, 410, 177 Atl. 262; *Papallo* v. *Meriden Savings Bank*, 128 Conn. 563, 565, 24 Atl. (2d) 472. If the promise is made to induce the tenant to remain for a new or longer term, it is based upon a sufficient consideration. Ibid.; *Stevens* v. *Yale*, 101 Conn. 683, 687, 127 Atl. 283. Negligence, not the breach of the agreement, is the gist of this action and it follows that the necessary elements to establish negligence must be established by the plaintiff. *Chipman* v. *National Savings Bank*, 128 Conn. 493, 496, 23 Atl. (2d) 922. Among these elements is the requirement that the landlord shall have actual

notice of the need of repair. *Shegda* v. *Hartford-Connecticut Trust Co.,* 131 Conn. 186, 189, 38 Atl. (2d) 668; 32 Am. Jur. 587, § 710; 2 Underhill, Landlord & Tenant, p. 860. An attempt on his part to inspect the premises to determine whether repairs were necessary would make him a trespasser under these circumstances. *Makin* v. *Watkinson,* L. R. 6 Ex. 25, 28. Where, however, the agreement is to make a specific repair within the tenement, the agreement itself imports knowledge that repairs are necessary and no further notice is required. *Rumberg* v. *Cutler,* 86 Conn. 8, 11, 84 Atl. 107; *Griffin* v. *Pillet,* [1926] 1 K. B. 17, 21, 15 B. R. C. 270, note, 278.

Here, the defective condition was confined to the stairway, which was claimed to be in such poor condition that it should have been replaced. The exhibits in evidence show that the condition of the step in question was such that, had the defendant proceeded to make the promised repairs, he would have discovered the defect. This was sufficient to charge him with notice. In *Young* v. *Roodner,* 123 Conn. 68, 192 Atl. 710, relied on by the defendant, there was a similar agreement to make a specific repair, but the defect which caused the injury was not present when the agreement was made nor had it come into existence until just before the accident. The case is not in point.

The defendant also claims that there was no credible evidence to support the verdict. The plaintiff and her witnesses could hardly be said to be guilty of understatement, but on the vital point of the condition of the broken step, introduced as an exhibit, the jury were fully justified in finding in her favor. When the issue is the credibility of witnesses, the decision of a case often turns on a point of this kind. The issue

was one of fact for the jury. *Frisbie* v. *Schinto*, 120 Conn. 412, 414, 181 Atl. 535.

There is no error.

In this opinion the other judges concurred.