MARIAN DESMARCHAIS, ADMINISTRATRIX (ESTATE OF
ERNEST E. LAMPSON) *v.* EDWARD J. DALY,
EXECUTOR (ESTATE OF JAMES R. DALY)

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued May 6—decided July 5, 1949.

*Morton E. Cole*, with whom, on the brief, were *Cyril Cole* and *Milton Krevolin,* for the appellant (plaintiff).

*DeLancey Pelgrift,* for the appellee (defendant).

ELLS, J. This action to recover damages for injuries alleged to have been suffered by Ernest E. Lampson in falling down a defective stairway was brought in 1943 against James R. Daly, owner of the premises. Both parties died prior to the trial of the case. We shall refer to the original parties as plaintiff and defendant. The defendant owned a two-tenement house known as 165 Collins Street in Hartford. Sometime during the year 1940 he rented the first-floor tenement to the plaintiff's son-in-law on a month-to-month oral tenancy. The plaintiff was a member of the tenant's household. The tenement comprised five rooms on the first floor and three rooms on the third floor. An inside private stairway led to the third-floor rooms. There was no access to this stairway from the second-floor tenement. The jury reasonably could have found that while the plaintiff was descending the stairs on June 29, 1942, one of the treads broke, owing to its defective condition, and he fell and received the injuries for which he sought to recover in this action. At the conclusion of the evidence and the arguments of counsel to the jury, the trial court granted the defendant's motion for a directed verdict. The plaintiff has appealed from the denial of his motion to set aside the verdict for the defendant.

The plaintiff's principal claims are that the defendant, as part of the initial and subsequent tenancy

agreements, had contracted to make both interior and exterior repairs to the premises and had breached his agreement and that the defect was open, visible and dangerous and had existed at and from the times of the initial and subsequent rentings. The plaintiff offered in evidence a registration statement signed by the defendant and filed by him with the office of price administration sometime after June 30, 1942, in which he had made check marks against the words "Interior Repairs" and "Exterior Repairs" in a column headed "Equipment and Services Included in the Rent on April 1, 1941." The court admitted it as evidence tending to show an admission by the defendant that he had agreed to make interior repairs.

Assuming but not deciding that there was evidence upon which the jury could have found that there was an agreement to make interior repairs, there was no evidence to show that any notice of the condition needing repair was given to the defendant or that he had knowledge of such condition. Negligence, not the breach of the agreement, is the gist of the action, and it follows that the necessary elements to show negligence must be established by the plaintiff. *Chipman* v. *National Savings Bank,* 128 Conn. 493, 496, 23 A. 2d 922. The stairway now in question was not common to both tenements but was used only by the first-floor tenant and was under his control. The landlord was not bound to make repairs upon the leased premises unless he agreed to do so. No duty, therefore, rested upon the defendant to make repairs, except that which was created by his agreement. We have said: "Where a lessor agrees to keep the leased premises in repair, he is not liable for failure to repair, unless he has notice that the repairs are necessary. But in such case, where no notice is provided for in the covenant, it is sufficient if the lessor had actual notice of the defect

complained of." *Rumberg* v. *Cutler,* 86 Conn. 8, 10, 84 A. 107; see also *Scibek* v. *O'Connell,* 131 Conn. 557, 559, 41 A. 2d 251. In these and other decisions in which we have applied the principle, we were, with one exception, speaking of defects arising during the tenancy. In this case there was evidence that the defect was in existence before the property was leased.

The answer to the present question lies in the fact that when the tenant enters into possession he assumes the risks of any structural defects except those which he could not discern with reasonable diligence and with knowledge of which the landlord was chargeable. *White* v. *DeVito Realty Co.,* 120 Conn. 331, 334, 180 A. 461; *Webel* v. *Yale University,* 125 Conn. 515, 518, 7 A. 2d 215. If, as an incident to the making of the lease, the landlord agrees to make specific repairs, this rule does not apply. *Dean* v. *Hershowitz,* 119 Conn. 398, 412, 177 A. 262. A general agreement to repair, however, is not a warranty that the premises are in good condition; it must be regarded as made in the light of the assumption of risk of discoverable defects by the tenant; the primary duty of a reasonable inspection to discover them rests upon him; and the same rule applies as in the case of defects arising during the tenancy—the landlord is liable only when he has knowledge of the defect or notice of it from the tenant. This situation was present in *Miller* v. *Mutual Mortgage Co.,* 112 Conn. 303, 152 A. 154, and (p. 306) without discussion of the applicability of the rule we treated it as controlling. In *Corrigan* v. *Antupit,* 131 Conn. 71, 76, 37 A. 2d 697, we suggested that a landowner is in a position to know the condition of the property when he makes the lease, but in that case we were considering the liability of a landlord to business invitees of a tenant, and, as pointed out in *Webel* v. *Yale University,* supra, the rules governing such a

situation differ radically from those determining the liability of a landlord to his tenant.

As it did not appear that the defendant was notified by his tenant that the stairway was in need of repair, or had knowledge of the defective condition, there would have been no support for a plaintiff's verdict, and the action of the trial court in directing a verdict for the defendant was correct. *Smeriglio* v. *Connecticut Savings Bank,* 129 Conn. 461, 463, 29 A. 2d 443.

We do not need to discuss the claim of the plaintiff that repairs made by the defendant subsequent to the accident were corroborative of the existence of a prior agreement to make them. There was a second count based on nuisance. Under the circumstances of this case, there could be no recovery on this ground. *Webel* v. *Yale University,* supra.

There is no error.

In this opinion the other judges concurred.