Zena L. Deveaux et al. *v.* Luba Spekter

Baldwin, C. J., King, Murphy, Shea and Alcorn, Js.

Argued March 6—decided March 26, 1963

*Morton C. Hansen, Jr.,* with whom, on the brief, were *I. Albert Lehrer, William J. Singer, Theodore*

*Lubinsky* and *David L. Gussak,* for the appellant (defendant).

*Samuel Freed,* for the appellees (plaintiffs).

ALCORN, J. The plaintiff Zena Deveaux, a minor, and her mother, the plaintiff Joyce Deveaux, brought this action to recover damages for pneumonia and bronchitis allegedly contracted by Zena because of cold and dampness in the tenement rented from the defendant, and for the incidental medical expenses incurred by Joyce. The trial court submitted the case to a jury on two counts of the complaint which alleged negligent failure to make repairs which the defendant had agreed to make. The jury returned a verdict for both plaintiffs which the trial court refused to set aside. The defendant has appealed from the judgment.

Of the many assignments of error filed by the defendant, we need consider only the one which raises the question whether there was sufficient evidence to permit a conclusion by the jury that the defendant negligently failed to perform a valid and enforceable contract to make repairs within the rented premises. Incidental to this is the claim that Joyce's testimony amounted to a judicial admission of the existence of the controlling facts.

The parties accept the basic principle that out of a valid and enforceable agreement by the landlord to make repairs may arise an obligation the breach of which would give rise to an action for negligence. *Stevens* v. *Yale,* 101 Conn. 683, 687, 127 A. 283; *Dean* v. *Hershowitz,* 119 Conn. 398, 410, 177 A. 262; *Chipman* v. *National Savings Bank,* 128 Conn. 493, 495, 23 A.2d 922. The defendant does not contend that the jury could not find that she agreed to re-

pair certain defective windows and doors and provide a heating unit which was not defective, or that Zena's illness could not be attributed to the defendant's failure to make the promised repairs. No claim is made that the defects complained of, if found to exist, were unknown to the defendant; *DesMarchais* v. *Daly,* 135 Conn. 623, 625, 67 A.2d 549; *Rumberg* v. *Cutler,* 86 Conn. 8, 10, 84 A. 107; or indeed that the agreement itself, if established, would not import knowledge that the repairs were necessary. *Scibek* v. *O'Connell,* 131 Conn. 557, 560, 41 A.2d 251. The narrow issue is over the application of the following statement of law: "A promise to repair made to induce a person to become a tenant or, after the tenancy has commenced, to induce the tenant to remain for a longer or for a new or additional term is based upon a sufficient consideration and if such agreement is negligently performed may give rise to an action for damages based on negligence. If, however, the promise is made after the tenancy has already commenced and during the term of the lease, and the tenant is not thereby induced to stay for a longer term, or a new term, but only to continue for the term already commenced and pay the rent which he has already contracted to pay, the agreement to repair is without consideration." *Papallo* v. *Meriden Savings Bank,* 128 Conn. 563, 565, 24 A.2d 472.

The plaintiffs occupied the premises under an oral month-to-month tenancy. They contend that the agreement to repair, made at the end of October, as well as at the end of other months, was followed by the payment of a month's rent. If the rent was being paid in advance, it would follow that the rent paid at the time of the agreement was the rent for the next month so that the payment had

the effect of renewing the tenancy for another month. In that event, it could be said that the payment of the rent and the continuation of the tenancy for another term furnished consideration for the promise to repair. The defendant makes the claim that Joyce's testimony amounts to a judicial admission that the rent was not paid in advance, thus destroying the validity of the consideration for the agreement to repair. The argument used in support of the proposition carries its own refutation. The defendant points to Joyce's claimed contradictory testimony which, on the one hand, clearly says that the rent was paid in advance and, elsewhere, is open to the construction that it was paid at the end of the term. The contest over this issue during the trial became ultimately a matter of semantics. Concededly, the defendant's agent collected the rent at the end of each month. The dispute was whether the collection covered the month which was ending or the month which was in prospect. The plaintiffs' claim of proof was that the rent for September, October and November was paid in advance. The defendant's claim of proof was that initially the rent was collected in advance but, after Zena's second illness on December 11, 1959, the agent agreed that the rents could be paid "in arrears." There was no claim of proof by the defendant that in September, October and November the rents were not paid in advance. Emphasis is placed by the defendant on two rent receipts, dated respectively January 2 and 30, 1960, which specifically cover rents for December, 1959, and January, 1960. Both receipts postdated Zena's second illness when, according to the defendant's claim of proof, the agent had agreed that the rents could be paid in arrears. The supposed contradiction in Joyce's testimony can be ex-

plained by that alteration in the collection procedure. Under the circumstances, Joyce's testimony did not amount to a judicial admission under our rule. *Andrea* v. *New York, N.H. & H.R. Co.,* 144 Conn. 340, 345, 131 A.2d 642; *Kanopka* v. *Kanopka,* 113 Conn. 30, 38, 154 A. 144.

An examination of the appendices to the briefs clearly shows that the jury could reasonably find that the defendant, in consideration of the tenants' occupancy of the premises for a succeeding term and the payment of the rent for that term in advance, agreed to repair the defective windows and doors and provide a heating unit which was not defective, that there was adequate notice of and opportunity to correct the defects, and that, as a result of the failure to make the repairs, the plaintiffs sustained the injuries and damages complained of. The court did not err in denying the motion to set aside the verdict.

There is no error.

In this opinion the other judges concurred.