[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The plaintiffs are Simonson Properties, Inc., a partnership, (hereinafter "Simonson"), the "two principals" in Simonson, Alvin and Richard Simonson, and the Connecticut Land Co., a partnership, and its principals, Smith and Miller. The defendants are Attorney Kevin Conway (hereinafter "Conway") and the law firm of Conway, Londregan, McNamara and Sussler, P.C. (hereinafter "law firm"). The defendants moved for summary judgment on the plaintiffs' fourth amended complaint, and each side filed a memorandum of law with supporting affidavits and documentary material.
In their complaint, the plaintiffs allege that in 1987 the plaintiffs were engaged in the development of a real estate subdivision located in the Town of Groton. In connection with the development, the plaintiffs submitted an application to the Inland Wetlands Agency of Groton (hereinafter "IWA") for a permit to conduct a regulated activity in the development of the plaintiffs' property. A hearing on the wetlands permit was scheduled for October 22, 1987. At some point prior to the scheduled hearing, the plaintiffs retained the defendant-law firm to represent and CT Page 5606 assist them with their IWA application. Pursuant to 5.5.4 of the Inland Wetlands Regulation of the Town of Groton (hereinafter "regulations"), the plaintiffs were required to notify adjacent property owners and affected property owners as designated by the IWA by certified mail of the time and place of the public hearing not less than fifteen days before the scheduled hearing. The plaintiffs allege that prior to the scheduled hearing, the firm determined that certain abutting landowners, including George and Michelle Avery (hereinafter "the Averys"), had not received such notice, by certified mail, of the time and place of the hearing, as required by the regulations. On October 22, 1987, and other relevant times, the defendant Conway, a principal of the defendant law firm, was responsible for the application process. Conway informed the IWA that the notice which had been provided to abutting owners did not satisfy the requirements of the regulations. Conway requested an adjournment to November 12, 1987 to allow him to properly serve the required notices. The plaintiffs allege that "Attorney Conway then assumed the responsibility and confirmed that he would quickly, and in a timely fashion, notify the abutting landowners who had not previously received notification of the hearing on the application." The hearing was adjourned until November 12, 1987. On October 26, 1987, a notice of the November 12, 1987 hearing was mailed to the Averys. However, the plaintiffs allege that the defendants erroneously addressed the Averys' notice.[1] As a result, the notice was returned to the defendants undelivered. On November 3, 1987, the defendants mailed a second letter of notice to the Averys. Because the notice was mailed less than 15 days in advance of the November 12th IWA meeting, the plaintiffs claim that the notice is defective pursuant to the regulations. The IWA approved the plaintiffs' application on February 10, 1988. The Averys with several other parties appealed the IWA's decision to approve the plaintiffs' application. In their appeal, the Averys asserted that they had not received timely and adequate notice as required by the regulations. The plaintiffs allege that the defendants never notified the plaintiffs of the potential defect in the second notice to the Averys. The plaintiffs further allege that because they believed there was a serious risk that the Averys' appeal would be sustained, and because of the ramifications associated with this risk, the plaintiffs purchased the Averys' house,[2] which left the Averys without standing to CT Page 5607 continue the appeal of the IWA's decision.
Based on these facts, on June 19, 1991, the plaintiffs filed a fourth amended complaint, in two counts, against the defendants. In count one, the plaintiffs assert that the defendants breached the duty they had assumed under their agreement with the plaintiffs to provide timely and appropriate legal advice to the plaintiffs and to represent the plaintiffs with the same degree of care, skill and diligence that other attorneys in the State of Connecticut would have exercised in similar circumstances as follows, by failing:
 to properly notice the Averys in compliance with the regulations;
 to properly notify the plaintiffs, prior to the November 12 hearing, of the defective notice;
 to, at or prior to the November 12th hearing, notify the IWA of the defective notice;
 to request an adjournment of the November 12th hearing in order to cure the defect by providing proper notice to the Averys;
 and by representing to the IWA and the plaintiffs, at the November 12, 1987 hearing, that proper notice had been given;
 and by representing that they were experienced, qualified and competent to represent plaintiffs in relation to the application process.
The plaintiffs allege that as a result of this negligence of the defendants they suffered financial losses from the "buy out" of the Averys' house.
In count two, the plaintiffs incorporate the same factual allegations and assert a cause of action for the defendants' breach of the duty they assumed under their contract to provide timely and appropriate legal advice with CT Page 5608 respect to the plaintiffs' business, including the application process.
The defendants moved for summary judgment[3] on the grounds that there is no genuine issue of material fact and they are entitled to judgment as a matter of law because:
 (1) adequate notice of the IWA meeting was provided to the affected landowners; and
 (2) the affected landowners' appeal would have failed to prevent the Planning Commission's approval of the plaintiffs' application.
The defendants first argue that because adequate notice was sent to the affected landowners, the underlying appeal by the landowners, including the Averys, would have failed. The defendants also argue that the notice was adequate because the land records on which the defendant Conway relied were adequate sources by law for the addresses of landowners entitled to notice of IWA meetings. The defendants further argue that the notice requirement was satisfied on October 26, 1987 when a notice of the November 12, 1987 hearing was mailed to the Averys via certified letter, albeit to the wrong address.
The defendants also argue that the IWA's notice regulations are not mandatory, that any alleged defect of notice would not subsequently render the IWA's action void and that the lack of notice was not prejudicial to the Averys because the Averys had actual notice of the project and were not interested in the proceedings. Finally, the defendants argue that the Averys' interests were adequately represented by the community association that attended the IWA meetings. Based on these arguments, the defendants conclude that defendant Conway provided adequate notice to affected landowners such as the Averys and therefore are entitled to summary judgment.
As to the second ground for summary judgment, the defendants argue that they are entitled to judgment as a matter of law because even a subsequent appeal would have failed to prevent the plaintiffs' project. The defendants CT Page 5609 argue that even though the IWA's approval was being appealed, the success of the appeal would not have affected the finality of the planning commission's decision to approve the plaintiffs' application. Therefore, the defendants argue, the planning commission could have approved the plaintiffs' application despite the potential invalidity of the IWA's decision. The defendants argue in addition that despite the appeal there were various other options the plaintiffs could have pursued to keep their development viable.
The plaintiffs argue that summary judgment is inappropriate in cases such as the instant one where the cause of action is for negligence. The plaintiffs argue that defendant Conway breached his duty of care when he failed to advise the plaintiffs of the alternatives available to the plaintiffs to eliminate any potential problems caused by the alleged defective, untimely notice sent to the Averys. The plaintiffs further argue that Conway's conduct after discovering that the Averys did not get notice of the IWA meeting of November 12th created the actual and substantial risk that the IWA meeting was not noticed in compliance with the regulations. The plaintiffs further argue that Conway's failure to inform the plaintiffs of the potential risks of the defective notice to the Averys and Conway's subsequent decision to proceed with the hearing on November 12th, breached the standard of care that Conway, as the plaintiffs' attorney, owed to the plaintiffs.
In response to the defendants' argument that the Averys' appeal probably would not be successful and therefore, the plaintiffs' "buy out" of the Averys' interests was unnecessary, the plaintiffs argue first, that they acted reasonably to mitigate potential damages from the Averys' appeal, and second, this issue is only relevant to the issue of mitigation, not to the issue of the defendants' negligence.
Pursuant to Practice Book 384, summary judgment is appropriate where the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lees v. Middlesex Ins. Co.,219 Conn. 644, 650, 594 A.2d 952 (1991).
"A motion for summary judgment shall be supported CT Page 5610 by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book 380. Supporting and opposing affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Practice Book 381.
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194, 199, 319 A.2d 403
(1972).
 Summary judgment procedure is especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . . [T]he conclusion of negligence is necessarily one of fact; . . .
(Internal citations omitted.) Michaud v. Gurney, 168 Conn. 413,434, 362 A.2d 512 (1975).
In the instant case, the plaintiffs have asserted two types of negligence in two different counts: (1) legal malpractice; and (2) breach of contractual duty. To succeed in a legal malpractice action, the plaintiffs must produce expert testimony that "(1) a breach of the professional standard of care has occurred, and (2) that the breach was the proximate cause of the injuries suffered by the plaintiffs." Somma v. Gracey, 15 Conn. App. 371, 374-75,544 A.2d 668 (1988).
 Malpractice is commonly defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all circumstances in the community by the average prudent reputable member of the profession with the the result of injury, CT Page 5611 loss or damage to the recipient of those services.
Davis v. Margolis, 215 Conn. 408, 415, 576 A.2d 489 (1990). The plaintiffs allege several instances where the defendants failed to provide services to the plaintiffs with the same degree of care, skill and diligence that other attorneys in the state would have exercised in similar circumstances. It is evident that whether the defendants met this standard of care is a question of fact that is not appropriate for determination by summary judgment. Therefore, as to count one, the court must deny the defendants' motion for summary judgment.
To succeed in a cause of action for negligence based on the breach of a contractual duty the plaintiffs must prove the necessary elements of negligence to the extent and nature of the duty owed is defined by the contract Youngset, Inc. v. Five City Plaza, Inc., 156 Conn. 22, 25,237 A.2d 366 (1968). In the instant case, the plaintiffs have alleged that the same acts which support their claim for legal malpractice also support a claim for negligence based on the defendants' breach of their contractual duty to provide timely and appropriate legal advice with respect to the plaintiffs' proposed development. Whether the defendants breached the duty that arose from their contract with the plaintiffs is a question of fact that is not appropriate for summary judgment determination. Therefore, the court must also deny the defendants' motion for summary judgment as to count two.
Accordingly, for the reasons stated, the defendants' motion for summary judgment is denied.
Teller, J.