[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS THAMES/LAUREL HILL LIMITED PARTNERSHIP AND FREDDIE PUP CORPORATION
On March 26, 1992, the plaintiff, Douglas G. Adams, filed a revised complaint alleging in the first count the following facts: The defendants, Thames/Laurel Hill Limited Partnership (Thames Laurel), its general partner, Freddie Pup Corporation (Freddie Pup)[1], Stuart B. Greenfield and Daniel Malchman; as limited partners of Thames Laurel, and/or individually, were at all relevant times the owners of land and buildings located at "Thermos on the Thames Mill," One Thermos Avenue, Norwich, Connecticut. On or about December 28, 1988, the defendants, acting by the defendant Malchman, entered into a "LOCATION AGREEMENT" (Agreement) with the defendant Recorded Picture Company, Inc. (Recorded) and granted Recorded the use of said premises for the purpose of making a motion picture between February 1, 1989 and approximately mid-April 1989. The text of the Agreement provides, in pertinent part:
 I (we) hereby grant to you, your successors, assigns and licensees the right to CT Page 9921 photograph, reproduce and use (either accurately or with such liberties as they may deem necessary) the exteriors and interiors of the premises located at Thermos on the Thames Mill, One Thermos Ave., Norwich, Ct. for the purpose of making still and motion pictures and soundtrack recordings of, on or about the premises and to bring personnel and equipment on to the premises and remove same. . . . You may have possession of said premises on or about February 1, 1989 and may continue in possession thereof until the completion of your . . . work. . . . (April 21, 1989).
On March 22, 1989, the plaintiff, working on the premises as an employee of DISC Service, Inc., A/K/A Disco Services, was seriously injured by an overhead door on said premises which fell onto the plaintiff when a steel cable failed. The plaintiff alleges that his injuries and losses were caused by the negligence of all of the defendants in failing to reasonably inspect the premises, in failing to maintain them in safe repair and condition and in failing to warn him.
On June 14, 1993, the defendants Thames/Laurel and Freddie Pup filed a motion for summary judgment and a supporting memorandum of law.
They argue that they are entitled to judgment as a matter of law because no genuine issue of material fact exists to show that they were in possession and control of the allegedly defective premises. They further argue that because liability flows from possession and control, rather than ownership, the defendants owed no duty to the plaintiff as a matter of law. They finally argue that Recorded was in possession and control of the premises at the time of the accident and thus they owed no duty to the plaintiff.
The plaintiff filed an objection to defendants' motion for summary judgment and argues that defendants' apparent argument that the Agreement granted exclusive possession and control of the premises to Recorded is a contested issue of fact and law. The plaintiff argues that the "possession" language contained in the Agreement: CT Page 9922
 You [The Recorded Picture Company] may have possession of said premises on or about February 1, 1989 and may continue in possession thereof until the completion of your proposed scenes and work . . .,
refers to "possession" of the premises only for the particular and limited uses expressly granted in the document. The plaintiff argues that the language of the "AMENDMENT AND ADDENDUM TO CONTRACT" (Amendment) attached to the Agreement indicates that the defendants remained either in full general control of the premises, granting only the limited use expressly stated, or were in joint possession and control of the premises with Recorded for the time period contemplated by the Agreement. The plaintiff argues that the Agreement language stating that "the construction of the condominiums and other construction activity presently going on at Thermos on the Thames" at the time of the signing of the Agreement indicates that the construction activity would continue while Recorded also used the premises, and thus supports the plaintiff's theory of possession and control.
The defendants then filed a `reply' memorandum in support of their motion for summary judgment, claiming that the plaintiff has provided no factual evidence in support of his claim of possession and control. The plaintiff responded and essentially argues that the burden is on the defendants to show that there is no question that they had no legal obligation regarding the overhead door in question — a burden he claims defendants have not met.
The function of the court in deciding a motion for summary judgment is not to decide issues of material fact, but rather to determine whether any such issue exists. Nolan v. Borkowski, 206 Conn. 495, 500 (1988). The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 316-17 (1984). Since litigants ordinarily have a constitutional right to have issues of fact decided by a jury, the movant for summary judgment is held to a strict standard demonstrating his entitlement to such remedy. Kakadelis v. DeFabritis, 191 Conn. 276, 282 (1983).
"A summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and would require a CT Page 9923 directed verdict for the moving party. (Citation omitted.) In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Citation omitted.)
Liability for injuries caused by defective premises is not based upon title, but rather upon possession and control. Farlow v. Andrews Corp., 154 Conn. 220, 225 (1966). A necessary condition precedent to the imposition of liability is that the defendant had some control or the right to exercise such control over the portion of the premises containing the alleged defective condition and therefore had a right as well as a duty to remedy the condition. Cieszynski v. Franklin Corporation,25 Conn. Sup. 342, 345 (1964). Where the plaintiff fails in its proof as to this essential allegation, the specific acts of negligence provide no legal basis for recovery because if a defendant owes no duty to the plaintiff, it could not be guilty of negligence. Rosa v. American Oil Co., Inc., 129 Conn. 585,589 (1943).
Connecticut courts have considered the issue of control where the document establishing the relationship between the parties is a lease. See, e.g., Tenney v. Pleasant Valley Realty Corporation, 136 Conn. 325, 330 (1949). Retention of control is essentially a matter of intention to be determined in the light of all the significant circumstances. Dinnan v. Jozwiakowski, 156 Conn. 432, 434 (1968). Control over a particular part of a business premises is ordinarily dependent upon determining whether that portion is or is not included in the lease, and unless the terms of the lease determine the matter, the question is one of fact. O'Neil v. Le-Ad of Bloomfield, Inc., 8 Conn. L. Trib. No. 35, p. 17 (March 18, 1982, Hammer, J.), citing Tenney v. Pleasant Valley Realty Corporation, supra, 330. It becomes an issue of fact for the trier, however, only where the written lease read as a whole cannot be said to resolve clearly or expressly the issue of control. Id., citing Panaroni v. Johnson, 158 Conn. 92, 99
(1969); Rogers v. Great Atlantic Pacific Tea Co., 148 Conn. 104,107 (1961).
Neither party here claims that the Agreement is a lease. A reading of the Agreement and the Amendment in the present case makes clear that the agreement entered into by the CT Page 9924 defendants and Recorded is not the usual landlord-tenant lease wherein once executed, exclusive possession of the demised premises is delivered to the lessee. On the contrary, the documents demonstrate that some control may have been retained by the defendants. The Amendment expressly states that the defendants would continue to engage in "the construction of the condominiums and other construction activity presently going on." The Amendment also requires that the defendants "will not interfere" with the defendants' continued general use of the property.
In this case, the parties are at issue as to whether the moving defendants had sole, joint or no control over the defective door, and whether the movants had a duty to inspect or repair it. In the nature of this case, there has been no independent documentary or other proof submitted which has made it quite clear what the truth is as to these issues.
Even if the agreement and addendum is construed as a lease and Recorded thereby gained sole or exclusive possession, it is well established that a landlord may be liable if he has leased premises with concealed defects or defects known to him alone. See cases such as DesMarchais v. Daly, 135 Conn. 623
(1949), and White v. DeVito Realty Co., 120 Conn. 331, 334
(1935).
Nor can a fair reading of the Agreement and Amendment together be said to resolve clearly and expressly the issues presented.
"Summary judgment is especially ill-adapted to negligence cases, where as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier to determine whether the standard of care was met in a specific situation. . . ." Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194, 198 (1972) (internal quotation marks omitted).
The defendants have failed to eliminate the existence of a genuine issue of material fact, and therefore, their motion for summary judgment must be, and is, denied.
J. Teller [Teller, J.] CT Page 9925