[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a personal injury action brought by a tenant against her landlord. On December 31, 1991, the plaintiff, Judith Velez, filed a one count complaint against the defendant, William Santillo, seeking recovery for personal injuries sustained as a result of an allegedly defective handrail. The plaintiff alleges that she slipped while descending a staircase located within her apartment and grabbed onto the handrail for support. The plaintiff further alleges that the handrail came apart from the wall, causing her to fall down the stairs and suffer personal injuries. The plaintiff alleges that the defendant was negligent because he failed to maintain the handrail in a safe condition, and that this negligence was the cause of her injuries.
On April 21, 1995, the defendant moved for summary judgment. The defendant has filed a memorandum in support of its motion for summary judgment, and the plaintiff has timely filed a memorandum in opposition. Each party has also submitted the sworn deposition testimony of the plaintiff.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof CT Page 11830 submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Barrett v. DanburyHospital, 232 Conn. 242, 250, 654 A.2d 1121 (1995). "In order to surmount a motion for summary judgment, a party must demonstrate that there exists a genuine issue of material fact. Demonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred. A material fact is one that will make a difference in the result of the case." New Milford Savings Bank v. Roince, 38 Conn. App. 240,244, ___ A.2d ___ (1995).
Summary judgment is ordinarily inappropriate in negligence cases; Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984); because "the ultimate issue in contention involves mixed questions of fact and law and requires the trier of fact to determine whether the standard of care was met in a specific situation." Spencer v.Good Earth Restaurant Corporation, 164 Conn. 194, 198, 319 A.2d 403
(1972).
The defendant moves for summary judgment, alleging that there is no issue as to whether he owed a duty to the plaintiff to repair the handrail. Accordingly, the defendant asserts that he is entitled to judgment as a matter of law. In opposition, the plaintiff maintains that summary judgment is inappropriate because she has raised a genuine issue of material fact; specifically, the plaintiff alleges that the defendant owed her a duty of care by virtue of an agreement to repair the handrail.
"Negligence occurs where one under a duty to exercise a certain degree of care to avoid injury to others fails to do so."Dean v. Hershowitz, 119 Conn. 398, 408, 177 A.2d 262 (1935). The elements of a negligence action are duty, breach, causation and damages. Doe v. Manheimer, 212 Conn. 748, 755, 563 A.2d 699 (1989). In order to establish negligence, it is necessary to prove that a duty existed, that the duty was breached and that the breach of the duty was the proximate cause of the victim's injury. Hall v.Winfrey, 27 Conn. App. 154, 158, 604 A.2d 1334, cert. denied,222 Conn. 903, 606 A.2d 1327 (1992). Where there is no legal duty, there can be no actionable negligence. Abington Mut. Fire Ins. Co.v. Somers Oil Co., Inc, 38 Conn. Sup. 625, 458 A.2d 403 (App. Sess. 1983). CT Page 11831
"Liability for an injury due to defective premises does not depend upon title, but on possession and control." Farlow v.Andrews Corp., 154 Conn. 220, 225, 224 A.2d 546 (1966). "In the absence of an express or implied agreement to the contrary, the lessee of [an apartment] . . . acquires an exclusive occupancy and control of [the apartment] and, as incident thereto, the parts of the structure which form an integral part of the [apartment]."Buturla v. St. Onge, 9 Conn. App. 495, 497, 519 A.2d 1235,203 Conn. 803, 522 A.2d 293 (1987). Accordingly, a landlord ordinarily owes no duty to his tenant to repair areas within the exclusive possession and control of the lessee: "In the absence of a statute or covenant to the contrary, the lessor does not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control of the lessee. Rather the duty to make ordinary repairs rests upon the lessee." Thomas v. Roper,162 Conn. 343, 348, 294 A.2d 321 (1972).
Although the lessee usually assumes the risk of defects in leased property, a number of exceptions exist where a duty of care is imposed upon the landlord. For instance, the general rule does not apply "to defects which are the result of faulty design or disrepair and which existed at the beginning of the tenancy, were not discoverable by the tenant on reasonable inspection, and were known, either actually or constructively, to the landlord." (Citations omitted, internal quotation marks omitted.) Johnson v.Fuller, 190 Conn. 552, 558, 461 A.2d 988 (1983). However, "actual knowledge, by the tenant, of a given defect is fatal to his case, even if the defect were not discoverable upon reasonable inspection." Masterson v. Atherton, 149 Conn. 302, 307,179 A.2d 592 (1962).
Another exception to this general rule exists where the landlord agrees to make specific repairs as an incident to the making of the lease. DesMarchais v. Daly, 135 Conn. 623,67 A.2d 549 (1949). In DesMarchais, the Connecticut Supreme Court stated that "when the tenant enters into possession he assumes the risks of any structural defects except those which he could not discern with reasonable diligence and with knowledge of which the landlord as chargeable. If as an incident to the making of the lease, the landlord agrees to make specific repairs, this rule does not apply." Id., 626. "Where a person leases premises to another and covenants or agrees in the lease or otherwise to keep the premises in repair, he is liable in damages to the lessee if he fails to exercise reasonable care to make the repairs." Youngset, Inc. v.CT Page 11832Five City Plaza, Inc., 156 Conn. 22, 25, 237 A.2d 366 (1968). Moreover, landlord knowledge of the defect is presumed where the agreement is to make a specific repair because "the agreement itself imports knowledge that repairs are necessary and no other notice is required." Scibek v. O'Connell, 131 Conn. 557, 560,41 A.2d 251 (1945). "In such a situation . . . the agreement of the defendant to make repairs or its voluntary act in undertaking to do so is the basis out of which a duty to exercise care to guard against injury . . . would arise." Chipman v. National Savings Bank,128 Conn. 493, 496, 23 A.2d 922 (1942). "Liability in such a case as this must rest upon the failure of the defendant to exercise reasonable care in making the repairs, not merely upon the fact that, after they were made, there remained a [dangerous] condition." Id. "In these circumstances, negligence, not the breach of the agreement, is the gist of the action, and it follows that the necessary elements to establish negligence on the part of the defendant must be proven if the plaintiff is to be entitled to recover." Youngset, Inc. v. Five City Plaza, Inc., supra,156 Conn. 25.
The defendant moves for summary judgment, alleging that there is no issue as to whether he owed a duty to the plaintiff to repair the handrail. Relying upon the general rule set forth in Thomas v.Roper, the defendant argues that he owed no duty to the plaintiff for two reasons: (1) the stairway lies completely within the plaintiff's possession and control and (2) the plaintiff was aware of the defective handrail at the time of the accident. In support of these assertions, the defendant offers the deposition testimony of the plaintiff.
The plaintiff maintains that summary judgment is inappropriate because she has raised a genuine issue of material fact; specifically, the plaintiff alleges that the defendant agreed to repair the handrail. Relying upon the DesMarchais exception, the plaintiff asserts that the existence of this agreement imposed a duty of care upon the defendant. The plaintiff argues that the defendant breached this duty by failing to perform the repairs thereby causing her injury.
The facts of this case, when construed in the light most favorable to the plaintiff, fall within the DesMarchais exception to the general rule regarding landlord liability and tenant assumption of risk. A landlord ordinarily has no duty to repair defects either entirely within demised premises or of which the plaintiff was aware; however, a duty of care is owed where he CT Page 11833 specifically agrees to make repairs to demised property.DesMarchais v. Daly, supra, 135 Conn. 626. When a landlord agrees to perform specific repairs, he is obligated to perform those repairs in a reasonable manner. Youngset, Inc. v. Five City Plaza,Inc., supra, 156 Conn. 25. In her deposition testimony, the plaintiff alleges that the defendant agreed, as an incident to the making of her lease, to repair the defective handrail and failed to do so. The plaintiff's allegations of negligence flow from this agreement and the defendant's failure to comply with his obligations under it. The alleged negligence stems not from the defendant's retention of control of the premises nor the plaintiff's lack of awareness of the defect; instead, the plaintiff alleges that the defendant was negligent because of his failure make the repairs. It is irrelevant whether the stairway was completely located within the apartment or if the plaintiff was aware of the defective banister. The relevant inquiry is, instead, whether the plaintiff has demonstrated the existence of an agreement between the parties which imposed a duty of care upon the defendant.
Since the court must view the evidence in the light most favorable to the nonmoving party, the plaintiff has demonstrated a genuine issue of material fact. Based upon the pleadings and deposition testimony, the plaintiff has produced sufficient evidence to generate a genuine issue as to the existence of a duty between the parties. The plaintiff offers sworn deposition testimony wherein she alleges that the banister was loose when she moved into the apartment and that the defendant agreed to repair it. Based upon this testimony, it may be "warrantably inferred";New Milford Savings Bank v. Roince, supra; that the defendant agreed to repair the banister as an incident to the execution of the lease. Moreover, the resolution of this issue is material to the outcome of this case because it will determine whether the defendant owed the plaintiff a duty of care. If such an agreement existed, the defendant then owed the plaintiff a duty of care to make the repairs. The defendant, otherwise, owed no duty to the plaintiff because of her knowledge of the defect and its location. Since the plaintiff has put on evidence alleging the existence of such an agreement, the plaintiff has properly raised the necessary factual predicate to show that there was a duty of care on the part of the defendant. Accordingly, the defendant's motion for summary judgment is denied.
Howard F. Zoarski, Judge CT Page 11834